UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXSI VANTSIAN,<br><br>        Petitioner,<br><br>    -against-<br><br>LADEON FRANCIS, *Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement*; TODD LYONS, *Acting Director, Immigration and Customs Enforcement*; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, *U.S. Attorney General*,<br><br>        Respondents. | Case No. 1:25-cv-10631 (JLR)<br><br>**ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  A hearing is presently scheduled for Thursday, January 8, 2026, at 2:30 p.m., on the application by Petitioner Alexsi Vantsian for a writ of habeas corpus, Dkt. 1. Upon consideration of the parties' submissions, the Court orders the following:

  1. At the hearing, the Court, after colloquy from counsel, will receive testimony. Petitioner will call its witness(es) first. The Government will then call its witness(es). Each side will have the opportunity to cross-examine the others' witness(es). The Court expects counsel to focus the testimony on whether Petitioner's rights were violated when he was taken into custody on December 22, 2025. Following the testimony, the Court will hear argument from counsel on Petitioner's petition.

  2. Respondents shall facilitate Petitioner's physical presence at the hearing. Petitioner's physical presence is necessary for the Court to evaluate his live testimony, will enable his counsel to ably represent him in preparation for, and at, the hearing, and accords with

28 U.S.C. § 2243.  In *Ozturk v. Hyde*, the Second Circuit held that, where a habeas petitioner has been transferred out of the district that has jurisdiction over her petition, the court may order his returned to the district to "provide [him] ready access to legal . . . services," "address concerns about the conditions of [his] confinement," "expedite resolution of [the] matter," and ensure his "ability to participate meaningfully in [his] habeas proceedings."  136 F.4th 382, 402 (2d Cir. 2025).  Those circumstances are present here, and Respondents have not challenged this District's jurisdiction over Petitioner's person.

3. Accordingly, Respondents are hereby ordered, **if requested by Petitioner's counsel**, to arrange for Petitioner to meet with counsel — in a private setting suitable for confidential attorney-client communications — for at least six hours prior to the hearing.

4. Respondents are further ordered to produce Petitioner to appear before this Court at the hearing scheduled for January 8, 2026, at 2:30 p.m. in the Daniel Patrick Moynihan United States Courthouse, Courtroom 20B, 500 Pearl Street, New York, NY 10007.  *See* 28 U.S.C. § 2243 ("[T]he person to whom the writ is directed shall be required to produce at the hearing the body of the person detained."); *see Ozturk*, 136 F.4th at 402-03.

5. The Court directs each side, by **5 p.m. on Wednesday, January 7, 2026**, to file a letter on the docket of this case identifying the witness(es) it intends to call, briefly synopsizing the anticipated testimony of each witness, and identifying the exhibits it intends to offer.

Dated: January 6, 2026
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge